IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PETER J. SMITH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 2:20-cv-699-WKW-CWB |
| CIRCLE K, INC., et al., | ) ) ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Peter Smith, who is proceeding *pro se*, filed this action on September 2, 2020 (Doc. 1) and simultaneously sought leave to proceed *in forma pauperis* (Doc. 2). The action then was referred to the Magistrate Judge "for further proceedings and determination or recommendation as may be appropriate." (Doc. 3). On December 4, 2020, the Magistrate Judge granted Plaintiff *in forma pauperis* status and directed the clerk of court to defer service of process pending preliminary review of the Complaint pursuant to 28 U.S.C. § 1915(e). (Doc. 4). Having now conducted such review, the undersigned concludes that dismissal is appropriate.

**I.     Introduction**

The Complaint purports to bring claims against the following defendants: "Circle K Inc."; "Circle K 318 Madison Avenue Montgomery, AL 36107"; "Circle K Manager Shelisa Sankey"; and "CEO Brian Hannasch." (Doc. 1 at ¶ 2).[1] All of the purported claims arise out of incidents that are alleged to have occurred at the subject Circle K store location on June 29, 2020 and July 4, 2020. (*Id*. at ¶ 4).

---

[1] Although not referenced in the body of the Complaint, "Alimentation Couche-Tard" is listed as a defendant in the caption.

1

Case 2:20-cv-00699-WKW-CWB   Document 5   Filed 12/02/22   Page 2 of 5

Plaintiff alleges that he attempted to purchase a bottle of water and a newspaper at the store on July 4, 2020. (*Id.* at p. 2, ¶ 5a(1)). According to Plaintiff, Shelisa Sankey directed store cashiers not to complete the transaction and instead contacted law enforcement. (*Id.*). Plaintiff further alleges that he was confronted by law enforcement shortly thereafter and subjected to "what amounts to a verbal interrogation." (*Id.* at pp. 3-4, ¶ 5a(5)).

The July 4, 2020 incident allegedly was preceded by a separate disagreement between Plaintiff and Shelisa Sankey at the store days earlier on June 29, 2020. (*Id.* at p. 4, ¶ 5a(6)). On that occasion, Plaintiff apparently attempted to use an "EBT" card to purchase what was advertised as "3 cokes for $5.00" with a "free bottle of water." (*Id.* at p. 2, ¶ 5a(3)). Plaintiff contends that he instead was charged $8.36. (*Id.*). Plaintiff additionally contends that he protested the charge but that his funds were "stolen" by Sankey when she refused to either "put the money back on the card" or otherwise provide a refund. (*Id.* at p. 4, ¶ 5a(6)).

Plaintiff has attempted to fashion those dual incidents into various claims that he styles as "Defamation," "False Reporting," "False Advertising," "First Amendment to the United States Constitution Violation," "Harassment," and "Theft of Property." (*Id* at pp. 2-4, ¶¶ 5a(1)-(6)).

## II.   Legal Standard

Because Plaintiff is proceeding *in forma pauperis*, the court is authorized to engage in a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915(e). Under § 1915(e), the court is required to dismiss an action if determining that it is frivolous[2] or malicious, fails to state

---

[2] A claim is frivolous when it "has little or no chance of success"—that is, when it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (citation omitted).

a claim upon which relief may be granted,[3] or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

"'*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys'" and are to be liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) (citation omitted). Nonetheless, they still "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. And a court does not have "license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662 (2009) (citations omitted).

## III. Discussion

It is axiomatic that federal courts are courts of limited jurisdiction and that the burden of establishing jurisdiction "rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)); *see also Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). If jurisdiction is predicated upon a federal question, a plaintiff must show that he is bringing a claim "under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. If jurisdiction is predicated upon diversity grounds, a plaintiff must show that the matter in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs"

---

[3] Whether a plaintiff has failed to state a claim upon which relief can be granted is evaluated by the same standard as dismissals under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A claim is plausible if the factual content pled "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. *See also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Moreover, courts do not consider "any allegations in the complaint that are merely legal conclusions." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010).

and is between:

    a.    citizens of different States;

    b.    citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;

    c.    citizens of different States and in which citizen or subjects of a foreign state are additional parties; and

    d.    a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

*See* 28 U.S.C. § 1332(a).[4]  When a plaintiff cannot or does not put forth sufficient jurisdictional averments, the action should be dismissed.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."); *see also Nat'l Parks Conservation Ass'n v. Norton*, 324 F.3d 1229, 1240 (11th Cir. 2003).

Here, Plaintiff's purported common law claims for "Defamation," "False Reporting," "False Advertising," "Harassment," and "Theft of Property" cannot be said to arise "under the Constitution, laws, or treaties of the United States" so as to invoke federal question jurisdiction pursuant to 28 U.S.C. § 1331.  Although Plaintiff does purport to set out a claim under the First Amendment, the Complaint reveals that none of the defendants could be deemed state actors. *See, e.g., Farese v. Scherer*, 342 F.3d 1223, 1233 n.13 (11th Cir. 2003) ("The First . . . Amendment[] 'does not apply to private parties unless those parties are engaged in an activity

---

[4] For natural persons, "[c]itizenship, not residence, is the key fact that must be alleged" to establish diversity. *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994); *see also Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013) (citation omitted)).  A corporation is deemed a citizen for the purposes of diversity jurisdiction as to both its state of incorporation and the state where it has its principal place of business.  *See* 28 U.S.C. § 1332(c)(1).

deemed to be state action.'") (citation and internal quotation marks omitted).  The Complaint also is devoid of facts sufficient to establish diversity jurisdiction.  *MacGinnitie v. Hobbs Grp., LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005) ("Complete diversity requires that no defendant in a diversity action be a citizen of the same state as any plaintiff.").  A dismissal therefore is due to be entered pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

### IV.     Conclusion

Accordingly, the undersigned Magistrate Judge hereby RECOMMENDS that the Complaint (Doc. 1) be DISMISSED WITHOUT PREJUDICE in its entirety.

It is ORDERED that any written objections to this Recommendation be filed no later than December 16, 2022.  An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection.  Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this the 2nd day of December 2022.

/s/ Chad W. Bryan
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**