IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PETER J. SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:20-CV-699-WKW |
| ) | [WO] |
| CIRCLE K, INC.; ALIMENTATION ) | |
| COUCHE-TARD; SHELISA ) | |
| SAUKEY, Circle K Manager; and ) | |
| BRIAN HANNASCH, CEO, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

On December 2, 2022, the Magistrate Judge filed a Recommendation that this action be dismissed without prejudice for lack of subject matter jurisdiction. (Doc. # 5.) Plaintiff filed a timely objection. (Doc. # 6.) Upon *de novo* review of those portions of the Recommendation to which objection is made, *see* 28 U.S.C. § 636, the court finds that the objection lacks merit.

Plaintiff's objection does not remedy the absence of the Complaint's allegations demonstrating a basis for this court's subject matter jurisdiction. (*See* Doc. # 5 at 4 (explaining that the Complaint does not invoke federal question jurisdiction because Defendants are not state actors and that the Complaint "is devoid of facts sufficient to establish diversity jurisdiction").) For example, Plaintiff suggests that Circle K should be deemed a state actor because it contracted with the

federal government to permit electronic benefit transfers for a SNAP participant. (Doc. # 6 at 1.) But private entities who contract with the federal government are not automatically state actors. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 840 (1982). Plaintiff has not cited any authority, and the court's independent research has revealed none, saying that a private entity participating in the SNAP program is a state actor under 42 U.S.C. § 1983. *See, e.g., Posr v. City of New York*, No. 11 CIV. 986 PGG, 2012 WL 4378049, at *9–10 (S.D.N.Y. Sept. 25, 2012) (noting that it had not found any case "predicated on violations of the Food Stamp Act brought by a food stamp recipient against a retail food store participating in the Food Stamp Program" or any case "in which a court ha[d] found that a food stamp recipient has a private right of action under the Food Stamp Act against a retail food store participating in the Food Stamp Program").

Accordingly, it is ORDERED as follows:

(1)     Plaintiff's objection (Doc. # 6) to the Recommendation (Doc. # 5) is OVERRULED;

(2)     The Recommendation (Doc. # 5) is ADOPTED; and

(3)     This action is DISMISSED without prejudice.

Final judgment will be entered separately.

DONE this 22nd day of December, 2022.

/s/ W. Keith Watkins<br>UNITED STATES DISTRICT JUDGE